# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT RIDER, CDCR #P-96108,<br><br>                              Plaintiff,<br><br>vs.<br><br>HAROLD D. CARTER, et al.,<br><br>                              Defendants. | Civil No.   09-2316 L (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 2];**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A** |

Christopher Scott Rider ("Plaintiff"), a state inmate currently incarcerated in High Desert State Prison located in Susanville, California and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

1  U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee
2  only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*
3  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP
4  remains obligated to pay the entire fee in installments, regardless of whether his action is
5  ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847
6  (9th Cir. 2002).

7  Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a
8  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account
9  statement (or institutional equivalent) for the prisoner for the six-month period immediately
10 preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,
11 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial
12 payment of 20% of (a) the average monthly deposits in the account for the past six months, or
13 (b) the average monthly balance in the account for the past six months, whichever is greater,
14 unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The
15 institution having custody of the prisoner must collect subsequent payments, assessed at 20%
16 of the preceding month's income, in any month in which the prisoner's account exceeds $10, and
17 forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C.
18 § 1915(b)(2).

19 The Court finds that Plaintiff has submitted a certified copy of his trust account statement
20 pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  *Andrews*, 398 F.3d at 1119.
21 Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial
22 partial filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be
23 prohibited from bringing a civil action or appealing a civil action or criminal judgment for the
24 reason that the prisoner has no assets and no means by which to pay [an] initial partial filing
25 fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"
26 preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack
27 of funds available.").

28

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A. Heck Bar

In his Complaint, Plaintiff alleges that his rights were violated when he was falsely arrested and ultimately convicted of several crimes resulting in his current "false imprisonment." *See* Compl. at 6-8. However, these claims amount to an attack on the constitutional validity of Plaintiff's criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that his criminal conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable

termination" rule, Plaintiff must first allege facts which show that the conviction which forms the basis of his § 1983 Complaint has already been:  (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Thus, a suit for money damages based on his criminal conviction is not yet cognizable. Accordingly, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings, and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

### B.     Absolute Immunity

In addition, Plaintiff's claims against Deputy District Attorneys Gilbert Otero and Debra Owen must be dismissed for seeking monetary damages against immune defendants. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

In addition, to the extent Plaintiff seeks damages under § 1983 against Superior Court Judge Matias Contreras, he is also entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (noting the longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the

commission of grave procedural errors."); *Ashelman*, 793 F.2d at 1075 ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

Finally, to the extent that Plaintiff seeks monetary damages from the Defendants who were witnesses at his trial for allegedly committing perjury, these Defendants are absolutely immune. *See* 28 U.S.C. § 1915(e)(2)(b)(iii); § 1915A(b)(2). "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)). "Witness immunity also extends to conspiracies to commit perjury." *Id.* (citing *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000). *See also Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1986).

Thus, Plaintiff's claims against all the named Defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief.

The Court finds that Plaintiff's Complaint must be dismissed sua sponte for seeking monetary damages against immune defendants and for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B). *See Lopez*, 203 F.3d at 1126-27.

## IV.
### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the

deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3. The Clerk of Court is directed to mail a court approved § 1983 form complaint to Plaintiff.

DATED: December 4, 2009

_____
M. James Lorenz
United States District Court Judge